

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,490-02

### EX PARTE ELIJAH DECOLE WOODS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 26908 HC-1 IN THE SIXTH DISTRICT COURT
### FROM LAMAR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a controlled substance and sentenced to 30 years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Woods v. State,* No. 06-16-00227-CR (Tex. App.–Texarkana, Oct. 18, 2017).

Applicant contends, among other things, that his appellate counsel rendered ineffective assistance because counsel failed to advise him of his right to petition pro se for discretionary review.

Applicant has alleged facts that, if true, might entitle him to relief. *Smith v. Robbins*, 528

U.S. 259, 285-86 (2000); *Strickland v. Washington*, 466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel failed to timely advise Applicant of his right to file a pro se PDR within the time limitations as set forth in TRAP 48.4. The trial court shall also make findings as to whether Applicant's claims are barred by the equitable doctrine of laches. The trial court shall make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 6, 2019
Do not publish